IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**FRANKIE JEAN COLLINS, as**
**Biological Daughter and on behalf of the Wrongful**
**Death Beneficiaries of ELNORA PARRETT, Deceased,**

    **Plaintiffs,**

vs.                                                                    Civil Action No. _____

**SOUTH PARKWAY ASSOCIATES, L.P. d/b/a**
**PARKWAY HEALTH & REHABILITATION CENTER,**

    **Defendant.**

---

## NOTICE OF REMOVAL

---

    Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, South Parkway Associates, L.P., d/b/a Parkway Health and Rehabilitation Center ("Parkway"), files this Notice of Removal of this matter, stating as follows:

    1.    On September 20, 2012, Plaintiff herein commenced a civil action against Parkway in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis styled <u>Frankie Jean Collins, as Biological Daughter and on behalf of the Wrongful Death Beneficiaries of Elnora Parrett, Deceased v. South Parkway Associates, L.P. d/b/a Parkway Health & Rehabilitation Center</u>, docket number CT-004069-12. A copy of the Summons and of the Complaint is attached hereto as Exhibit A.

2.	According to Exhibit 1 of the Complaint, Plaintiff, Frankie Jean Collins, is a citizen of Illinois.

3.	As of the date of this Notice of Removal, Parkway is the only Defendant named in this matter.  From the time of commencement of this action to the present, Parkway has been and is a limited partnership organized under the laws of the State of Georgia, having its principal place of business in the State of Georgia.

4.	Parkway was served with the Summons and Complaint on October 3, 2012.  This Notice of Removal is, therefore, timely under 28 U.S.C. § 1446.

5.	Plaintiff's Complaint asserts a claim for the alleged wrongful death of Plaintiff's mother, Elnora Parrett, who was a resident at the nursing facility known as Parkway Health and Rehabilitation Center from September 22, 2011 to October 26, 2011.  Among the allegations of the Complaint are:

(a)	Elnora Parrett had no documented skin breakdown of any type on entry into Parkway. (Complaint, ¶10).

(b)	Ms. Parrett was at heightened risk for skin breakdown. (Complaint, ¶10).

(c)	A "quarter size open area to the left side of the sacrum and a nickel size right side of sacrum" were noted in the chart to be present on October 6, 2011. (Complaint, ¶13).

(d)	According to the October 26 Progress Note of Dr. Hines "the sacral pressure ulcer 'worsened over the weekend [Sat., October 22 – Sun., October 23, 2011] to its current process.'  Dr. Hines' note also indicates that for the last two days Ms. Parrett 'has eaten extremely poorly' and that '[t]he patient is completely disoriented today.  She is staring straight ahead with a blank stare and is unable to interact with examiner at all.  During prior examinations the patient has been talkative'." (Complaint, ¶17).

(e)	Dr. Hines examined Ms. Parrett on October 26 and ordered that she be sent to the hospital. (Complaint, ¶17).

(f)	Elnora Parrett entered Methodist Central Hospital, where she was found to have an infected Stage 4 sacral decubitus ulcer, with one treating

       physician at the hospital noting "[n]ursing staff have reported a very large necrotic foul-smelling sacral decubitus ulcer on their initial examination." (Complaint, ¶21).

(g)     Ms. Parrett's lab values on entry to Methodist Central Hospital revealed that Ms. Parrett had an "extreme systemic infection" and that she "was malnourished and dehydrated." (Complaint, ¶22).

(h)     Parkway "failed to timely notify the treating physician of a significant change in Ms. Parrett's condition and failed to properly notice the significant decline in the condition of her sacral pressure ulcer. The facility also failed to properly turn and reposition Ms. Parrett thereby causing the initial development of the bedsore and its subsequent worsening. These failures constitute deviations in the nursing standard of care . . . [and] are the proximate cause of the development and worsening of the sacral pressure ulcer that ultimately led to Ms. Parrett's death." (Complaint, ¶24).

6.     Plaintiff's Complaint seeks compensatory and punitive damages in an unspecified amount from Parkway, as well as discretionary costs and any other relief, including attorney's fees, that Plaintiff is legally entitled to receive. (Complaint at 7).

### THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 and 1441

6.     This Court has subject matter jurisdiction over this action because (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) there is complete diversity between Plaintiff and Defendant.

    **A.**     **The Amount-in-Controversy Requirement is Satisfied.**

7.     Although Plaintiff's Complaint does not include a request for a specific sum of either compensatory or punitive damages, it is facially apparent that the amount Plaintiff is seeking to recover in this action exceeds $75,000, exclusive of interest and costs. Where a plaintiff seeks to recover some unspecified amount of damages, the first issue to decide is whether it is "self-evident" that the amount in controversy requirement is satisfied. Gafford v. General Electric Co., 997 F.2d 150, 158 (6th Cir. 1993); see also Rotschi v. State Farm Mut.

3

Auto. Ins. Co., 114 F.3d 1188, at *4 (6th Cir. May 15, 1997) (unpublished table decision) (in analyzing amount in controversy, courts should consider "whether it is 'facially apparent' from the complaint that the damages are likely above" the required amount).  Numerous courts have held that in wrongful death claims or in claims where grievous bodily injuries are alleged, it is facially apparent that the potential damages exceed the minimum amount in controversy for jurisdictional purposes.  See, e.g., Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (on its face, Complaint alleging personal injury claim for congestive heart failure resulting in six-day hospitalization satisfied $75,000 amount in controversy requirement); De Aguilar v. Boeing Co., 11 F.3d 55, 57 (5th Cir. 1993) (facially apparent that plaintiff's wrongful death claims met the $50,000 amount in controversy threshold).

        8.       Tennessee law permits a claimant in a wrongful death case to recover damages for the injuries to the decedent, which damages include the:

> right to recover for the mental and physical suffering, loss of time, and necessary expenses resulting to the deceased from the personal injuries, and also the damages resulting to the parties for whose use and benefit the right of action survives from the death consequent upon the injuries received.

Tenn. Code Ann. § 20-5-113 (1994 & Supp. 2012).  Ms. Parrett had at least one surviving child, according to the Complaint, and this child is the Plaintiff herein.  Therefore, there is likely to be a claim in this case for this child's loss of consortium.

        9.       Additionally, the Complaint contains a claim for punitive damages.  Possible punitive damages are to be considered in evaluating whether the amount in controversy requirement has been satisfied, unless it is legally certain that such damages cannot be recovered.  Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 572 (6th Cir. 2001).  Punitive damages have been upheld in wrongful death cases in Tennessee involving nursing homes.  See, e.g. McLemore v. Elizabethton Medical Investors, L.P., 2012 WL 2369350 (Tenn. Ct. App., June 22, 2012)

(upholding punitive award of $4.25 million on remitted compensatory award of $225,000). It is, therefore, apparent on the face of the Complaint that Plaintiff's claim for wrongful death is seeking more than $75,000 in damages. The amount in controversy requirement is thus satisfied in this case.

        **B.**      **There is Complete Diversity of Citizenship Between Plaintiff and Defendant.**

10.     As stated above, Plaintiff is alleged to be a citizen of Chicago, Illinois. Defendant is a Georgia limited partnership, having its principal place of business in Georgia. Furthermore, Defendant's general partner and its limited partner are not citizens of Illinois, nor is either an entity created by the laws of the State of Illinois, and neither has its principal place of business in Illinois. The requirement that the parties be of diverse citizenship is, therefore, met.

11.     The subject action is a civil action that is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441 in that (a) Plaintiff and Defendant are citizens of different states; (b) Defendant is not a citizen of the State of Illinois; (c) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (d) this action is within the original jurisdiction of the Court pursuant to the provisions of 28 U.S.C. § 1332.

12.     Written notice of the filing of this Notice of Removal is being given to the adverse party, and a Notice of Filing of this Notice of Removal is being filed with the Clerk of the Circuit Court of Shelby County for the Thirtieth Judicial District of Tennessee. A copy of the Notice of Filing of Notice of Removal, excluding the exhibit (this Notice of Removal), is attached hereto as Exhibit B.

13.     By filing this Notice of Removal, Defendant does not waive, either expressly or implicitly, its right to assert any defenses that Defendant could have asserted in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis.

WHEREFORE, Defendant respectfully removes this action from the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis to this Court, pursuant to 28 U.S.C. § 1441.

BURCH, PORTER & JOHNSON, PLLC

/s/ Stephen D. Crawley
Stephen D. Crawley (#11454)
130 N. Court Avenue
Memphis, Tennessee  38103
(901) 524-5129

Attorney for South Parkway Associates, L.P.
 d/b/a Parkway Health & Rehabilitation Center

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent to Parke S. Morris, Esq., 50 Frazier Avenue, Suite 300, Chattanooga, Tennessee  37405, via U.S. Mail, postage prepaid, on this the 1st day of November, 2012.

/s/ Stephen D. Crawley
Stephen D. Crawley