(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. *CT-004065-12*

☑ Lawsuit
☐ Divorce

Ad Damnum $ _____

FRANKIE JEAN COLLINS, as Biological Daughter
and on behalf o the Wrongful Death Beneficiaries of
ELNORA PARRETT, Deceased

VS

SOUTH PARKWAY ASSOCIATES, L.P. d/b/a
PARKWAY HEALTH & REHABILITATION CENTER

Plaintiff(s)

Defendant(s)

TO: (Name and Address of Defendant (One defendant per summons))

CT CORPORATION, as Registered Agent for
SOUTH PARKWAY ASSOCIATES, L.P. d/b/a
PARKWAY HEALTH & REHABILITATION CENTER
800 S. Gay Street, Suite 2021
Knoxville, TN 37929

Method of Service:

☐ Certified Mail
☐ Shelby County Sheriff
☐ Commissioner of Insurance ($)
☐ Secretary of State ($)
☐ Other TN County Sheriff ($)
☑ Private Process Server
☐ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on  PARKE S. MORRIS, ESQ.  Plaintiff's attorney, whose address is  50 FRAZIER AVENUE, SUITE 300, CHATTANOOGA TN 37405 , telephone  4234449125  within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED  9-20-12

By _____, D.C.

TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 379-7895

I,  JIMMY MOORE / DONNA RUSSELL , Clerk of the Court,
Shelby County, Tennessee, certify this to be a true and
accurate copy as filed this

_____

JIMMY MOORE , Clerk/ DONNA RUSSELL, Clerk and Master

By: _____, D.C.

EXHIBIT
A

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE 30TH JUDICIAL DISTRICT SHELBY COUNTY AT MEMPHIS,
TENNESSEE

FILED
SEP 2 0 2012
CIRCUIT COURT CLERK
BY_____D.C.

FRANKIE JEAN COLLINS, as
Biological Daughter and on behalf of the Wrongful
Death Beneficiaries of ELNORA PARRETT, Deceased

    Plaintiffs,

vs.

Docket No. _CT004065-12_
**JURY DEMANDED**

_DiV. II_

SOUTH PARKWAY ASSOCIATES, L.P. d/b/a
PARKWAY HEALTH & REHABILITATION CENTER

    Defendant.

---

### COMPLAINT FOR WRONGFUL DEATH

---

Plaintiffs assert this claim for Wrongful Death against the Defendant and would state as follows.

### I. PARTIES

1.    Plaintiff Frankie Jean Collins is the biological daughter of Elnora Parrett who died unmarried.

2.    Elnora Parrett died on November 13, 2011.

3.    Defendant South Parkway Associates, L.P. d/b/a Parkway Health and Rehabilitation Center is an active Georgia limited partnership with its principal place of business located at 400 Bombay Lane, Atlanta, GA 30076. Its registered agent for service of process is CT Corporation System, 800 S. Gay Street, Suit 2021, Knoxville, TN 37929-9710.

1

4.      Upon information and belief, the above-named defendant was actively involved in managing the defendant nursing home and played a role either directly or through the actions of health care providers in deviating from the standard of care.

5.      The Defendant is vicariously liable for the negligent actions of its employees and/or agents who were working at Parkway Health and Rehabilitation Center while Elnora Parrett was a resident of the Parkway Nursing Home under the legal principles of vicarious liability and respondent superior.

## II.  JURISDICTION & VENUE

6.      All events which form the basis of this Complaint occurred in Memphis, Shelby County, Tennessee.

7.      Venue is properly situated in Shelby County pursuant to Tenn. Code Ann. 20-4-101(a) and (b).

8.      This Court has jurisdiction of this matter pursuant to Tenn. Code Ann. 16-10-101.

## III.  DEMAND FOR JURY

9.    Plaintiffs demand a jury pursuant to the Tennessee Constitution and Rule 38 of the Tennessee Rules of Civil Procedure.

## IV.  GENERAL ALLEGATIONS AND FACTS

10.      Elnora Parrett arrived at Parkway Nursing Home on September 22, 2011 to receive rehabilitative therapy after suffering a stroke at home where she lived.  She was at Methodist Central Hospital from September 17-22, 2011. There was no documented skin breakdown of any type on entry into Parkway and there were no initial physician orders pertaining to any treatment for any type of skin breakdown. A physical therapy note

2

generated September 23, 2011 documents that her "Skin Integrity = Intact." (Page 87/112). The Physical Therapy notes also reveal that the Defendant was aware that due to her recent stroke, Ms. Parrett was at heightened risk for the development of pressure sores. (Page 88/112).

11.    On admission to Parkway, there were no physician orders to treat any skin breakdown because none existed.

12.    On September 29, 2011 skilled physical therapy notes indicate that "Patient is progressing with current treatment interventions and POT."

13.    On October 6, 2011 at 4:20 am, charting reveals the presence of a "quarter size open area to left side of sacrum and a nickel size right side of sacrum." A physician wound treatment order was created and signed by Dr. Hines on October 12, 2012.

14.    On October 12, 2011 a Progress Note dictated by the treating physician, Dr. Hines, failed to even mention the presence of any skin breakdown nor any change in Ms. Parrett's weight or eating habits.

15.    On Thursday, October 20, 2011 PT Therapy Progress Notes indicate that "Wound nurse request for patient not to be up in W/C any longer than 2/hrs. secondary to sacral wound."

16.    On Friday, October 21, 2011, Physical Therapy again notes "Patient demonstrates good rehab potential as evidenced by high PLOF, participation in passive activity and supportive staff." (Page 107/112)

17.    Dr. Hines' Progress Note on October 26, 2012 notes that the sacral pressure ulcer "worsened over the weekend [Sat., October 22–Sun, Oct 23, 2011] to its current process." Dr. Hines' note also indicates that for the last two days Ms. Parrett "has eaten extremely poorly" and that "[t]he patient is completely disoriented today. She is staring

straight ahead with a blank stare and is unable to interact with examiner at all. During prior examinations the patient has been talkative." Upon visiting and physically examining Ms. Parrett on Wednesday, October 26, 2011, Dr. Hines ordered that she be sent to the hospital.

18.     A 12:30 pm transfer note created by Parkway staff indicated that Ms. Parrett had been running a low grade temperature for the last two days and that she was lethargic and not responding like she used to" and that she had bilateral wheezing in her lung fields.

19.     Dr. Hines' October 26, 2011 Progress Note fails to mention any presence of a fever, bilateral wheezing, any signs of dehydration, or reduced blood pressure although staff were not able to find a vein to get an IV started. This note also relates that she had an un-stageable sacral pressure ulcer although an October 26, 2011 Progress Note actually created after Ms. Parrett was no longer even at the nursing home stated that the sacral wound bed contained "stable yellow slough" and that wound care powder and an enzymatic debrider were "applied to cavity." There is no mention in Dr. Hines' Progress Note that he was ever informed of her continuing low grade fever or that she was no longer responding like she normally did.

20.     The chart produced by the Defendant does not contain any medical records that reveal any of Ms. Parrett's Activities of Daily Living, nor any MDS forms, nor any wound care treatment notes, nor any input/output charting.

21.     On October 26, 2011 at 1:02 pm, Elnora Parrett left Parkway Nursing Home and only a few minutes later, at or around 1:13 pm, Elnora Parrett entered Methodist Central Hospital where she was found to have an infected Stage 4 sacral decubitous ulcer. One treating physician at Methodist notated that "Nursing staff have reported a very large necrotic foul-smelling sacral decubitous ulcer on their initial evaluation." There was no mention among staff at the hospital that the wound was unstageable or that it was merely a Stage 3.

22.     Ms. Parrett's lab values on entry to Methodist Central also revealed a person with an extreme systemic infection who was malnourished and dehydrated. Ms. Parrett's White Blood Cell (WBC) was 36,000 (normal 4,000-10,000); BUN 74 (normal 7-26); Sodium 149 (Normal 135-145); Creatinine 1.3 (Normal 0.6-1.1); and an Albumin of 1.8 (Normal 3.5-5.0.)

23.     The last information provided to Methodist Central by staff at Parkway Nursing Home on October 26, 2011 indicated that Elnora Parrett had diminished mental status and a Stage 3 pressure sore. There was no mention on this transfer form of dehydration, change in eating status, recent fever, or a worsening sacral pressure sore that had become infected. This Transfer Note also stated that her Blood Pressure was 90/41 which is extremely low and not compatible with long term life.

## V.     CLAIM FOR VIOLATION OF THE TENNESSEE HEALTH CARE LIABILITY ACT, f/k/a THE TENNESSEE MEDICAL MALPRACTICE ACT

24. .   The Defendant failed to timely notify the treating physician of a significant change in Ms. Parrett's condition and failed to properly notice the significant decline in the condition of her sacral pressure ulcer. The facility also failed to properly turn and reposition Ms. Parrett thereby causing the initial development of the bedsore and its subsequent worsening. These failures constitute deviations in the nursing standard of care for a nursing home located in Shelby County, Tennessee. These nursing failures are the proximate cause of the development and worsening of the sacral pressure ulcer that ultimately led to Ms. Parrett's death. Stated otherwise, but for the facility's failure turn and reposition Ms. Parrett every two hours, combined with their subsequent failure to timely notify the treating physician and the family of a change in the sacral wound's condition, Ms. Parrett would not have suffered the mental and physical pain and suffering that she did from the creation of

the sacral pressure sore and she also would not have died. Her death was due to the medical negligence of the Defendant.

### VI.  COMPLIANCE WITH NOTICE OF INTENT AND CERTIFICATE OF GOOD FAITH REQUIREMENT UNDER REVISED TENNESSEE HEALTH CARE LIABILITY ACT

28.    On both November 22, 2011 and January 10, 2012 Plaintiff's counsel sent a formal Notice of Intent to Suit the named Defendants in this case. Affidavits attached to this Complaint confirm as such. The Notice of Intent was sent via Certified Mail, Return Receipt Requested with a certificate of mailing to CT Corporation, as the Registered Agent for South Parkway Associates, L.P.

29.    It has been more than 60 days since the Notice of Intent was delivered to the registered agents for the named defendant. **Exhibit 1** is a copy of the Notice of Intent to Suit letter and proof of service and dated Certificate of Mailing is attached.

30.    Additionally, Plaintiffs have sent the medical records produced by the Defendant and also the records from Ms. Parrett's hospitalization at Methodist Central to a double board certified internist who is also the Medical Director for a nursing home and who is familiar with the standard of care for a nursing home facility located in Shelby County, Tennessee. He has also been previously tendered and accepted as an expert familiar with the standard of care for a nursing home located in Shelby County, Tennessee and an expert qualified to render an opinion as to cause of death in a nursing home negligence lawsuit filed in Shelby County, Tennessee that proceeded to verdict for the Plaintiff. Prior to filing this Complaint, Plaintiff's counsel received a signed and dated letter on this expert's letterhead stating that this was a case with legal merit and that but for the failure of the Defendant to meet the nursing standard of care for a nursing home located in Shelby

6

County, Tennessee, Ms. Parrett would not have obtained this Stage 4 sacral pressure ulcer

and would not have lost her life. The letter certifies that this is a wrongful death case with

legal merit.  Plaintiff's counsel has never been found in violation of Tenn. Code Ann, 29-26-

122.  A signed and completed Certificate of Good Faith that mirrors the information

contained in this paragraph is attached as **Exhibit 2.**

### VII.    PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, the Plaintiff respectfully prays for the

following:

1.  That proper process and service issue as provided by law;

2.  Plaintiffs receive a compensatory and punitive damage award to be determined

    by a jury; and

3.  Award Plaintiff their discretionary costs in this cause and any other relief,

    including attorney's fees, that they are legally entitled to receive.

Respectfully submitted,

Parke S. Morris, Esq. #018145
Attorney for the Plaintiff
Parke Morris & Associates
50 Frazier Avenue, Suite 300
Chattanooga, TN 37405
(423) 444-9125
www.parkemorris.com
parkemorris@gmail.com

### COST BOND

I hereby acknowledge myself as surety in this cause for costs.

#018145

Parke S. Morris

7

# MORRIS|CARNAHAN
attorneys at law

November 22, 2011

*Via Certified U.S. Mail, Return Receipt Requested, with Certificate of Mailing*

CT Corporation, as Registered Agent for South Parkway Associates, L.P. d/b/a Parkway
Health & Rehabilitation Center
800 S. Gay Street, Suite 2021
Knoxville, TN 37929

Administrator
Parkway Health & Rehabilitation Center
200 S Parkway W.
Memphis, Tennessee 38109-1645

Lynn Field, as Registered Agent for Methodist Healthcare-Memphis Hospitals
1211 Union Avenue
Suite 700
Memphis, TN 38104

Administrator
Methodist Central Hospital
1265 Union Avenue
Memphis, Tennessee 38104

Dear Sir/Madam:

This is a Notice of Intent to Sue that is being sent as required by the recently
amended Tennessee Medical Malpractice Act. Please provide a complete copy of the
chart and all pertinent medical records to Plaintiffs' counsel Parke S. Morris as soon
as possible. Plaintiffs' counsel will pay all reasonable copying charges. The address to
correspond with Plaintiffs' counsel is through our Nashville office 3301 West End Avenue,
Suite 300, Nashville, TN 37203.

Pursuant to Tenn. Code Ann. Section 29-26-121 et seq., Plaintiffs hereby place the
above-named parties on formal notice of their Intent to Sue for both the personal injuries
and wrongful death of Ms. Elnora Parrett as a result of the medical negligence of the above-
named parties due to the development of Stage 4 bedsores as well as other potential actions
of medical negligence that may be discovered during the course and scope of discovery.

MORRIS & CARNAHAN, PLC | www.morriscarnahan.com
3301 west end avenue suite 300 nashville tennessee 37203     one commerce square memphis tennessee 38103
tri-cities/bristol tennessee

**EXHIBIT 1**

In accordance with Tennessee Code Annotated Section 29-26-121(a)(1) which is set forth below:

(a)

(1) Any person, or that person's authorized agent, asserting a potential claim for medical malpractice shall give written notice of the potential claim to each health care provider who will be a named defendant at least sixty (60) days before the filing of a complaint based upon medical malpractice in any court of this state.

(2) The notice shall include:

(A) The full name and date of birth of the patient whose treatment is at issue:

(B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;

(C) The name and address of the attorney sending the notice, if applicable;

(D) A list of the name and address of all providers being sent a notice; and

(E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

1)   Full name and address of patient at issue: Elnora Parrett;  DOB: January 10, 1923; SS# 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

2)   Name and address of claimant authorizing notice and relationship to the patient: Frankie Jean Collins, Biological Daughter of Elnora Parrett. Address:   7929 S. Wentworth; Chicago, IL  60620

3)   Name and address of attorney sending the notice:  Parke S. Morris, Esq., 3301 West End Avenue, Suite 300, Nashville, TN 37203. Cell Direct: (901) 233-5172

4)      List of name and address of all providers receiving a notice:
        a.) CT Corporation, as Registered Agent for South Parkway Associates, L.P. d/b/a
        Parkway Health & Rehabilitation Center
        800 S. Gay Street, Suite 2021
        Knoxville, TN 37929

        b.) Administrator
        Parkway Health & Rehabilitation Center
        200 S Parkway W.
        Memphis, Tennessee 38109-1645

        c.) Lynn Field, as Registered Agent for Methodist Healthcare-Memphis Hospitals
        1211 Union Avenue
        Suite 700
        Memphis, TN 38104

        d.) Administrator
        Methodist Central Hospital
        1265 Union Avenue
        Memphis, Tennessee 38104

        Pursuant to Section (A)(2)(e), please find enclosed a HIPAA compliant medical authorization permitting each named party to obtain complete medical records from each other provider receiving this Notice of Intent to Sue.

        We believe that this letter complies with the letter and spirit of Tenn. Code Ann. §29-26-121. If you or your counsel believe it is deficient in any way, then please promptly let us know and any defect will be promptly cured. If we do not promptly hear from you, then we will assume that you and your legal counsel believe the letter complies with the law in all respects.

                                        Sincerely,

                                        Parke Morris (w/ permission
                                                         ccw )

                                        Parke S. Morris, Esq.


Enclosures (HIPAA Release)

Cc:     Lisa L. Wyatt, Esq.
        Colin J. Carnahan, Esq.

## AUTHORIZATION TO DISCLOSE HEALTH INFORMATION

PATIENT NAME:  ELNORA PARRETT              SSN:  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

DATE OF BIRTH:  JANUARY 10, 1923

1.    I authorize the use or disclosure of the above named individual's health information as described below:

2.    The following individual or organization is authorized to make the disclosure:

    PARKWAY HEALTH AND REHABILITATION CENTER, 200 S. Parkway, Memphis, TN 38109
    SOUTH PARKWAY ASSOCIATES, L.P.
    METHODIST CENTRAL HOSPITAL , 1265 Union Ave, Memphis, TN 38104
    METHODIST HEALTHCARE - MEMPHIS HOSPITALS, 1265 Union Ave, Memphis, TN 38104

3.    The type and amount of information to be used or disclosed is as follows:

        ANY & ALL MEDICAL RECORDS INCLUDING BUT NOT LIMITED TO:

| | |
|---|---|
| Patient registration form | Correspondence |
| Office notes & records (including | Claim Forms |
| records of other physicians in your | Statement of charges & payments |
| patient chart | Copies of physicians' records & billing statements |
| Hospital records, including ER reports | Prescription records |

        Any and all medical records in the chart from any health care provider; Social Worker Notes
        MDS Forms, Care Plans, Nurse's Notes, Progress Notes, Wound Care Treatment Notes, TARs, MARS,
        Physician Orders, Business File Documents, Alternative Dispute/Arbitration/ADR Agreements, Tennessee
        Department of Health Surveys Pertaining to the resident/patient, Discharge Summaries, Initial Assessment
        Documents, Vital Sheets, Weight Sheets, Change in Condition Forms.

4.    I understand that the information in my health record my include information relating to sexually transmitted  disease,
    acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV).  It may also
    include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

5.    By this or a photostatic copy hereof, this information may be disclosed to and used by the following individual or
    organization:

    PARKWAY HEALTH AND REHABILITATION CENTER, 200 S. Parkway, Memphis, TN 38109
    SOUTH PARKWAY ASSOCAITES, L.P.
    METHODIST CENTRAL HOSPITAL , 1265 Union Ave, Memphis, TN 38104
    METHODIST HEALTHCARE - MEMPHIS HOSPITALS, 1265 Union Ave, Memphis, TN 38104

6.    I understand I have the right to revoke this authorization at any time.  I understand if I revoke this information I must
    do so in writing and present my written revocation to the health information management department.  I understand
    the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a
    claim under my policy.  Unless otherwise revoked, this authorization will remain a valid health care records release.

7.    I understand that authorizing the disclosure of this health information is voluntary.  I can refuse to sign this
    authorization.  I need not sign this form in order to assure treatment.  I understand I may inspect or copy the
    information to be used or disclosed, as provided in CFR 164.524.  I understand any disclosure of information carries
    with it the potential for an unauthorized re-disclosure and the information may not be protected by federal
    confidentiality rules.

Date:  _11/4/11_                    _____
                                 Patient



Morris & Carnahan, PLLC
3301 West End Avenue
Suite 300
Nashville, Tennessee 37203

CERTIFIED MAIL

7010 3090 0000 2551 5473

Lynn Field
121 Union Avenue
Ste. 700
Memphis, TN 38104

RETURN RECEIPT
REQUESTED

U.S. POSTAGE
MEMPHIS, TN
38104
NOV 08 '11
AMOUNT
$5.79
00011095-1

3816-<
1000

3816456600





# Hamlin & Burton

### LIABILITY MANAGEMENT, INC.

December 1, 2011

Mr. Parke S. Morris
Morris & Carnahan, PLC
3301 West End Avenue, Suite 300
Nashville, TN 37203

RE:  Your Client:   The Estate of Elnora Parrett
     Our Client:    South Parkway Associates, LP dba: Parkway Health & Rehabilitation

Dear Mr. Morris:

Please allow this letter to serve to acknowledge receipt of your Notice of Intent to Sue letter dated November 22, 2011. Hamlin and Burton Liability Management, Inc. is the third party administrator for claims presented against South Parkway Associates, LP dba: Parkway Health & Rehabilitation Center.

Please forward a complete copy of all medical records and expenses incurred by Elnora Parrett as a result of any injuries you believe she sustained during her residency in Parkway Health & Rehabilitation Center. In addition, please provide us with a copy of Elnora Parrett's Certificate of Death and lien documentation to include Medicare, Medicaid, TennCare and any other liens.

If in the future, we determine this claim merits a settlement we must protect the government liens. By protecting these liens, we mean we must include Medicare or any other government lien holder as a payee on at least one settlement check. Please place Medicare on notice of this claim as soon as possible so they may provide you with a "conditional" lien amount.

If you have any expert reviews concerning the medical care and treatment of Elnora Parrett by Parkway Health & Rehabilitation Center, please forward copies for our file and review.

Paul Ciarletta
510 Twin Cedars Drive Madison, MS 39110
Phone: (601) 856-9822 | Fax: (321) 972-0122 | paulciarletta@hamlinandburton.com

NOTICE: This communication is confidential, intended for the named recipient(s) and may contain information that is (i) proprietary to the sender, and/or (ii) privileged, confidential and/or otherwise exempt from disclosure under applicable state and federal law, including, but not limited to, privacy standards imposed pursuant to the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Receipt by anyone other than the named recipient(s) is not a waiver of any applicable privilege. Thank you in advance for your compliance with this notice.

Mr. Parke S. Morris
December 1, 2011


Please contact me at 601-856-9822, if you wish to discuss this matter, at this time.

Thank you for your attention to this matter.


Sincerely,

Paul D. Ciarletta
Litigation Manager

**AFFIDAVIT CERTIFYING COMPLIANCE WITH TENN. CODE ANN. 29-26-121(A)(4)**

1.  I hereby certify, swear and affirm that the attached Notice of Intent to Sue letter was mailed via Certified Mail, Return Receipt requested, on November 22, 2011 to the persons listed in the Notice of Intent to Sue letter. The stamped copy of the Certified Mail Receipt confirms that the letter was indeed mailed on November 22, 2011 to both the Administrator for the Parkway Health and Rehabilitation Center and also to CT Corporation which was serving as the Registered Agent for Parkway Health and Rehabilitation Center. We never received a green card back from CT Corporation.

FURTHER AFFIANT SAITH NOT.

STATE OF TENNESSEE
COUNTY OF Davidson

Sworn to and subscribed before me this _15_ day of _August_, 2012.

Notary Public

My Commission Expires:

1/9/2016

# MORRIS|CARNAHAN
### attorneys at law

January 10, 2012
*Via U.S. Certified Return Receipt Mail*

CT Corporation, as Registered Agent for
South Parkway Associates, L.P. d/b/a
Parkway Health & Rehabilitation Center
800 S. Gay Street, Suite 2021
Knoxville, TN 37929

Administrator
Parkway Health & Rehabilitation Center
200 S. Parkway W.
Memphis, TN 38109-1645

RE:   Patient:   Elnora Parrett Medical Records
      DOB:       January 10, 1923
      SS#:       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

Dear Sir or Madam:

Please be advised that this firm represents Elnora Parrett. Pursuant to Tenn. Code Ann. Section 29-26-121, et seq, a Notice of Intent to Sue ("NOI") letter dated November 22, 2011 and a signed HIPPA form was sent to your attention placing you on formal notice of the intent to sue and requesting the release of a complete copy and all pertinent medical records in the referenced matter. A copy of such is enclosed.

During a follow up phone call with the Administrator, Natalie Berkley, which was made to try and request the medical records, we were told she was advised that she would not be able to release Ms. Elnora Parrett's medical records to this law firm.

This letter serves as our formal attempt to once again request a copy of all medical records from the Parkway Nursing Home pertaining to Elnora Parrett. This letter also confirms that we stand ready to immediately pay for the reasonable cost of producing such medical records.

The address to correspond with Plaintiff's counsel is through our Nashville office: 3301 West End Avenue, Suite 300, Nashville, Tennessee 37203. If we do not

MORRIS & CARNAHAN, PLC | www.morriscarnahan.com
3301 west end avenue suite 300 nashville tennessee 37203  50 frazier avenue suite 300 chattanooga tennessee 37405
one commerce square memphis tennessee 38103  tri-cities/bristol tennessee

CT Corporation as Registered Agent for South Parkway
Administrator, Parkway Health & Rehabilitation Center
January 10, 2012
Page 2 of 2

hear from you, then we will assume that your facility's position has not changed and
you will not be releasing the medical records pertaining to Ms. Elnora Parrett.

Regards,

Parke S. Morris

by permission MK

Parke S. Morris, Esq.

Enclosures (2)

cc:    Frankie Jean Collins

# MORRIS CARNAHAN
attorneys at law

November 22, 2011

*Via Certified U.S. Mail, Return Receipt Requested, with Certificate of Mailing*

CT Corporation, as Registered Agent for South Parkway Associates, L.P.  d/b/a Parkway
Health & Rehabilitation Center
800 S. Gay Street, Suite 2021
Knoxville, TN 37929

Administrator
Parkway Health & Rehabilitation Center
200 S Parkway W.
Memphis, Tennessee 38109-1645

Lynn Field, as Registered Agent for Methodist Healthcare-Memphis Hospitals
1211 Union Avenue
Suite 700
Memphis, TN 38104

Administrator
Methodist Central Hospital
1265 Union Avenue
Memphis, Tennessee 38104

Dear Sir/Madam:

This is a Notice of Intent to Sue that is being sent as required by the recently
amended Tennessee Medical Malpractice Act. Please provide a complete copy of the
chart and all pertinent medical records to Plaintiffs' counsel Parke S. Morris as soon
as possible. Plaintiffs' counsel will pay all reasonable copying charges. The address to
correspond with Plaintiffs' counsel is through our Nashville office: 3301 West End Avenue,
Suite 300, Nashville, TN 37203.

Pursuant to Tenn. Code Ann. Section 29-26-121 et seq., Plaintiffs hereby place the
above-named parties on formal notice of their Intent to Sue for both the personal injuries
and wrongful death of Ms. Elnora Parrett as a result of the medical negligence of the above-
named parties due to the development of Stage 4 bedsores as well as other parental actions
of medical negligence that may be discovered during the course and scope of discovery.

MORRIS & CARNAHAN, PLC | www.morriscarnahan.com
3801 west end avenue suite 300 nashville tennessee 37203   one commerce square memphis tennessee 38103
tri-cities/bristol tennessee

In accordance with Tennessee Code Annotated Section 29-26-121(a)(1) which is set forth below:

(a)

(1) Any person, or that person's authorized agent, asserting a potential claim for medical malpractice shall give written notice of the potential claim to each health care provider who will be a named defendant at least sixty (60) days before the filing of a complaint based upon medical malpractice in any court of this state.

(2) The notice shall include:

(A) The full name and date of birth of the patient whose treatment is at issue:

(B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;

(C) The name and address of the attorney sending the notice, if applicable;

(D) A list of the name and address of all providers being sent a notice; and

(E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

1) Full name and address of patient at issue: Elnora Parrett;  DOB: January 10, 1923; SS# 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

2) Name and address of claimant authorizing notice and relationship to the patient: Frankie Jean Collins, Biological Daughter of Elnora Parrett. Address:   7929 S. Wentworth; Chicago, IL  60620

3) Name and address of attorney sending the notice:  Parke S. Morris, Esq., 3301 West End Avenue, Suite 300, Nashville, TN 37203. Cell Direct: (901) 233-5172

4)      List of name and address of all providers receiving a notice:
        a.) CT Corporation, as Registered Agent for South Parkway Associates, L.P. d/b/a
        Parkway Health & Rehabilitation Center
        800 S. Gay Street, Suite 2021
        Knoxville, TN 37929

        b.) Administrator
        Parkway Health & Rehabilitation Center
        200 S Parkway W.
        Memphis, Tennessee 38109-1645

        c.) Lynn Field, as Registered Agent for Methodist Healthcare-Memphis Hospitals
        1211 Union Avenue
        Suite 700
        Memphis, TN 38104

        d.) Administrator
        Methodist Central Hospital
        1265 Union Avenue
        Memphis, Tennessee 38104

        Pursuant to Section (A)(2)(e), please find enclosed a HIPAA compliant medical
authorization permitting each named party to obtain complete medical records from each
other provider receiving this Notice of Intent to Sue.

        We believe that this letter complies with the letter and spirit of Tenn. Code Ann.
§29-26-121. If you or your counsel believe it is deficient in any way, then please promptly let
us know and any defect will be promptly cured. If we do not promptly hear from you, then
we will assume that you and your legal counsel believe the letter complies with the law in all
respects.

                                        Sincerely,

                                        Parke Morris (w/ permission
                                                                    LW)

                                        Parke S. Morris, Esq.


Enclosures (HIPAA Release)

Cc:     Lisa L. Wyatt, Esq.
        Colin J. Carnahan, Esq.

<u>AUTHORIZATION TO DISCLOSE HEALTH INFORMATION</u>

PATIENT NAME:  ELNORA PARRETT          SSN:  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

DATE OF BIRTH:  JANUARY 10, 1923

1.     I authorize the use or disclosure of the above named individual's health information as described below:
2.     The following individual or organization is authorized to make the disclosure:

         PARKWAY HEALTH AND REHABILITATION CENTER, 200 S. Parkway, Memphis, TN 38109
         SOUTH PARKWAY ASSOCIATES, L.P.
         METHODIST CENTRAL HOSPITAL , 1265 Union Ave, Memphis, TN 38104
         METHODIST HEALTHCARE - MEMPHIS HOSPITALS, 1265 Union Ave, Memphis, TN 38104

3.     The type and amount of information to be used or disclosed is as follows:

         ANY & ALL MEDICAL RECORDS INCLUDING BUT NOT LIMITED TO:

| | |
|---|---|
| Patient registration form | Correspondence |
| Office notes & records (including | Claim Forms |
| records of other physicians in your | Statement of charges & payments |
| patient chart | Copies of physicians' records & billing statements |
| Hospital records, including ER reports | Prescription records |

         Any and all medical records in the chart from any health care provider, Social Worker Notes
         MDS Forms, Care Plans, Nurse's Notes, Progress Notes, Wound Care Treatment Notes, TARs, MARS,
         Physician Orders, Business File Documents, Alternative Dispute/Arbitration/ADR Agreements, Tennessee
         Department of Health Surveys Pertaining to the resident/patient, Discharge Summaries, Initial Assessment
         Documents, Vital Sheets, Weight Sheets, Change in Condition Forms.

4.     I understand that the information in my health record my include information relating to sexually transmitted  disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

5.     By this or a photostatic copy hereof, this information may be disclosed to and used by the following individual or organization:

         PARKWAY HEALTH AND REHABILITATION CENTER, 200 S. Parkway, Memphis, TN 38109
         SOUTH PARKWAY ASSOCAITES, L.P.
         METHODIST CENTRAL HOSPITAL , 1265 Union Ave, Memphis, TN 38104
         METHODIST HEALTHCARE - MEMPHIS HOSPITALS, 1265 Union Ave, Memphis, TN 38104

6.     I understand I have the right to revoke this authorization at any time.  I understand if I revoke this information I must do so in writing and present my written revocation to the health information management department.  I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.  Unless otherwise revoked, this authorization will remain a valid health care records release.

7.     I understand that authorizing the disclosure of this health information is voluntary.  I can refuse to sign this authorization.  I need not sign this form in order to assure treatment.  I understand I may inspect or copy the information to be used or disclosed, as provided in CFR 164.524.  I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules.

Date: _____11/4/11_____       _Frankie Jean Collins Daughter_
                                          Patient

Parrett, Elnora:
200015

NORTH CHATTANOOGA STATION
CHATTANOOGA, Tennessee
374059998
4761480605 -0097
01/10/2012   (423)265-4537    02:50:07 PM

----- Sales Receipt -----
Product            Sale  Unit    Final
Description        Qty   Price   Price

MEMPHIS TN 38109 Zone-3            $0.64
First-Class Letter
1.20 oz.
Expected Delivery: Thu 01/12/12
Return Rcpt (Green Card)          $2.30
Certified                         $2.85
Label #:      70101670000041152917
                                ==========
    Issue PVI:                    $5.79

KNOXVILLE TN 37929                $0.64
Zone-2 First-Class
Letter
1.20 oz.
Expected Delivery: Thu 01/12/12
Return Rcpt (Green Card)          $2.30
Certified                         $2.85
Label #:      70101670000041152948
                                ==========
    Issue PVI:                    $5.79

Total:                           $11.58

Paid by:
MasterCard                       $11.58
Account #:      XXXXXXXXXXXX6390
Approval #:     297370
Transaction #:  11
28 903580892

Order stamps at usps.com/shop or call
1-800-Stamp24.  Go to usps.com/clickship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.
***********************************
Get your mail when and where you want it
with a secure Post Office Box. Sign up for
a box online at usps.com/poboxes.
***********************************

Bill#: 1000302447908
Clerk: 08

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.
***********************************
HELP US SERVE YOU BETTER

Go to: https://postalexperience.com/Pos

TELL US ABOUT YOUR RECENT
POSTAL EXPERIENCE
YOUR OPINION COUNTS



**COMPLETE THIS SECTION**

plete items 1, 2, and 3. Also complete
4 if Restricted Delivery is desired.
int your name and address on the reverse
o that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

CT Corporation as Registered
Agent for South Parkway
Associates d/b/a Parkway
Health and Rehabilitation Center
800 S. Gay Street
Knoxville TN 37929

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Chicka Frey_
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
JAN 10 2012

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7010 1670 0000 4115 2948

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class
Postage & Fees
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Mindy Kral
Morris Carnahan PLC
5D Frazier Ave, Ste 300
Chattanooga TN 37405

**COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation as Registered
Agent for South Parkway
Associates d/b/a Parkway
Health and Rehabilitation Center
800 S. Gay Street
Knoxville TN 37929

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Chicka Frug_
☐ Agent
☐ Addressee

B. Received by (Printed Name)   JAN 10 2012
C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7010 1670 0000 4115 2948

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees
USPS
Permit No. G-10

- Sender: Please print your name, address, and ZIP+4 in this box •

Mindy Kral
Morris Carnahan PLC
5D Frazier Ave, Ste 300
Chattanooga TN 37405

## AFFIDAVIT CERTIFYING COMPLIANCE WITH
## TENN. CODE ANN. 29-26-121(A)(4)

1. I hereby certify, swear and affirm that the attached Notice of Intent to Sue letter was again mailed via Certified Mail, Return Receipt requested, on January 10, 2012 to the persons listed in the Notice of Intent to Sue letter. The stamped copy of the Certified Mail Receipt confirms that the letter was indeed mailed on January 10, 2012 to both the Administrator for the Parkway Health and Rehabilitation Center and also to CT Corporation which was serving as the Registered Agent for Parkway Health and Rehabilitation Center.

2. Although we believed that we had fully complied with the requirements of the Tennessee Medical Malpractice Act, the January 10, 2012 second NOI letter was sent because we had not received the requested medical records from Parkway Nursing Home.

3. All of the documents sent in this second NOI letter dated August 8, 2012 are attached hereto.

FURTHER AFFIANT SAITH NOT.

_Mindy Kral_

STATE OF TENNESSEE
COUNTY OF Hamilton

Sworn to and subscribed before me this 14th day of August, 2012.

_Notary Public_

My Commission Expires: 4-6-13

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE 30TH JUDICIAL DISTRICT SHELBY COUNTY AT MEMPHIS, TENNESSEE

FRANKIE JEAN COLLINS, as
Daughter and on behalf of the Wrongful
Death Beneficiaries of ELNORA PARRETT

     Plaintiffs,

vs.

                                     Docket No. _____
                                     **JURY DEMANDED**

SOUTH PARKWAY ASSOCIATES d/b/a
PARKWAY HEALTH & REHABILITATION CENTER

     Defendant.

# CERTIFICATE OF GOOD FAITH

## Medical Malpractice-Health Care Liability Case

### PLAINTIFF'S FORM

In accordance with T.C.A. § 29-26-122, I hereby state the following:

1.     Plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

        (A)    Are competent under § 29-26-115 to express opinion(s) in the case; and

        (B)    Believe, based on the information available from the medical records concerning the care and treatment of the Plaintiff for the incident(s) at issue, that there is a good faith basis to maintain the

**EXHIBIT 2**

action consistent with the requirements of § 29-26-115.

# 18145

I have been found in violation of T.C.A. § 29-26-122 _____ prior times.